JOHN E. McLAIN vs. HARRY S. WILLEY, bailiff.

*Replevin—Pleading—Avowry—Cognizance—Sufficiency—Statute.*

1.   In demurrer to a cognizance made by the defendant, in an action of replevin, stating that "at the time of the taking, to-wit, on etc., the plaintiff owed for rent in arrear to his said landlord for said premises for the years 1907 and 1908 which said rent is still in arrear and unpaid," it was *held* that where the renting year was from March 25, to March 25, the plaintiff was entitled to a more certain statement ·as to the dates of the time or term for which the rent was in arrear.

2.   Although by *Sec. 47, Chap.* 120, *Rev. Code* (1893) p. 872, the defendant, in an action of replevin, "may avow, or make cognizance generaly for rent in arrear, stating to whom, for what premises and for what time, without other particulars," a cognizance, stating that "at the time of the taking, to-wit, on, etc., the plaintiff owed for rent in arrear to his said landlord for said premises for the years 1907 and 1908 which said rent is still in arrear and unpaid," is demurrable, as failing to state any certain term for which the rent is in arrear.

Del. cases cited: *King's Administrator vs. Lambden, et al,* 4 *Harr.* 283.

For form of statement in a Cognizance, see: 2 *Woolley, Del. Prac., Secs.* 1553, 1554.

Del. statute cited: *Sec.* 47, *Chap.* 120, *Rev. Code* (1893), *page* 872.

(*March* 15, 1910.)

Judges BOYCE and HASTINGS sitting.

*Martin B. Burris* for plaintiff.

*James W. Lattomus* for defendant.

Superior Court, New Castle County, March Term, 1910.

ACTION OF REPLEVIN (No. 7, May Term, 1909).

(See same case, *post*).

Demurrer to defendant's plea or cognizance, on ground of insufficiency.

BOYCE, J., delivering the opinion of the Court:

In making avowry or cognizance in replevin, upon distress for rent in arrear, the defendant "may," by *Section* 47, *.Chapter* 120, *Revised Code* (1893), page 872, "avow or make cognizance generally for rent in arrear, stating to whom, for what premises, and for what time, without other particulars."

The defendant in this case made in his cognizance the statement that "and at the time of the taking, to-wit, on February 19, 1909, the plaintiff owed for rent in arrear to his said landlord for said premises for the years A. D. 1907 and 1908 * * * which said rent is still in arrear and unpaid." The plaintiff demurred, assigning as cause the insufficieny of the cognizance, in that it does not state any certain term or period, nor the beginning or ending of any certain term or period for which the said plaintiff was, or is supposed to be in arrear for rent to his said landlord.

Opinion.

Under the statute, the defendant may avow, or make cognizance, as may be required, generally, without setting out the lease or agreement under which the rent is claimed.

*King's Admr. vs. Lambden, et al*, 4 *Harr.* 283.

And generally the particularity of statement previously required is dispensed with, yet, we think, the plaintiff should be reasonably apprised by some certain dates of the time or term for which the rent in arrear is demanded by the landlord. In view of the fact that the renting year, in this county, was then from March 25th to March 25th, in the absence of a special letting, there is some vagueness and uncertainty as to what is meant by the words "for the years A. D. 1907 and 1908." And, we think, the plaintiff is entitled to a more certain statement as to the dates of the time or term for which the said rent is in arrear.

There are two selected forms in 2 *Woolley, Sections* 1553 and 1554, which are good examples of the kind of statement which should be made, though less particularity might be sufficient.

The demurrer is sustained for the reasons assigned.